IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| WILLIAM LUDWIG,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social Security<br>Administration,<br><br>    Defendant. | Case No. 4:10-cv-0002-RRB<br><br><br><br>**ORDER DENYING SUMMARY JUDGMENT** |

**I.    MOTION PRESENTED**

Plaintiff William Ludwig ("Ludwig") applied to the Social Security Administration for disability insurance benefits and supplemental security income on May 22, 2006.[1] After a hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision[2] and the Appeals Council denied review.[3] Thereafter, Ludwig filed a

---

[1]    Administrative Record ("AR") 64-65.

[2]    AR 26-63.

[3]    AR 1-3.

ORDER DENYING SUMMARY JUDGMENT - 1
4:10-CV-0002-RRB

complaint with this court.[4] In a motion for summary judgment at Docket 19, Ludwig asserted that the ALJ's decision violated his constitutional due process right to a fair hearing. Defendant Michael J. Astrue ("the Commissioner") filed a response at Docket 21 and Ludwig replied at Docket 22.[5]

**II. BACKGROUND**

The unusual facts underlying this Social Security appeal require only brief explication. After the ALJ conducted a hearing at which Ludwig testified, an unrelated FBI agent named Derek Stone approached the ALJ and reported that he had seen Ludwig enter the building with a normal gait. Once Ludwig reached the building, he began limping.[6] The ALJ noted that, during the hearing, Ludwig appeared to have difficulty ambulating. When the ALJ reported this information to Ludwig's counsel and afforded the opportunity to contact the agent and rebut this evidence, Ludwig instead demanded a second hearing, at which the FBI agent could be called to testify and be cross-examined.[7] The ALJ did not conduct a second hearing, and accorded some weight the FBI agent's testimony in the final

---

[4] Docket 1.

[5] Oral argument was not requested and would not assist the court.

[6] AR 22.

[7] AR 105-107.

ORDER DENYING SUMMARY JUDGMENT - 2
4:10-CV-0002-RRB

decision because it comported with his own observation of other exaggerations in the medical record. The ALJ, however, minimized the weight of Stone's comments because the agent was unfamiliar with Ludwig's medical history and had observed him only briefly.[8] On appeal, Ludwig now claims that any reliance on the FBI agent's statements were in violation of procedural due process.

### III. STANDARD OF REVIEW

The Social Security Act provides for payment of disability insurance benefits to people who have contributed to the Social Security program and who suffer from a physical or mental disability.[9]

Upon denial of disability benefits after a hearing by an Administrative Law Judge ("ALJ"), a claimant may request that the SSA Appeals Council review the ALJ's decision.[10] Upon denial of disability benefits after a hearing by an ALJ, a claimant may request that the SSA Appeals Council review the ALJ's decision.[11] "Where, as here, the Appeals Council denies a request for review of an ALJ's decision, the decision of the ALJ represents the final

---

[8]  AR 23.

[9]  42 U.S.C. § 423(a)(1).

[10] 20 C.F.R. § 404.967.

[11] 20 C.F.R. § 404.967.

decision of the Commissioner."[12] After a final decision of the Commissioner, the claimant may seek judicial review by the district court.[13]

On de novo review, the district court may enter, upon the pleadings and a transcript of the record, a judgment affirming, modifying, or reversing the ALJ's decision, with or without remanding the case for a rehearing.[14] The district court must uphold the ALJ's decision if it is supported by substantial evidence and the ALJ has applied the correct legal standards.[15]

**IV. DISCUSSION**

The ALJ is entitled to draw inferences logically flowing from the evidence, but the ALJ generally must explicate or demonstrate evidence that allows these inferences to be made.[16] Generally any evidence from which the ALJ draws these inferences must be in the

---

[12] *Barton v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193 n.1 (9th Cir. 2004) (citing 20 C.F.R. §404.981).

[13] 42 U.S.C. §405(g).

[14] 42 U.S.C. §405(g).

[15] *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2001). See also *Matney v. Sullivan,* 981 F.2d 1016, 1019 (9th Cir. 1992) (citing *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990)).

[16] *Gallant v. Heckler*, 753 F.2d 1450,1453 (9th Cir., 1984) (*citing Beane v. Richardson*, 457 F.2d 758 (9th Cir.), *cert. denied*, 409 U.S. 859, 93 S. Ct. 144, 34 L. Ed.2d 105 (1972)).

record.[17] Still, the ALJ is authorized as finder of fact to make subjective determinations of credibility by evaluating sensory and intuitive criteria on evidence not in the record. If the ALJ's findings can be supported by substantial evidence found in the record, the court may affirm.

There is no doubt that substantial evidence supports the ALJ's ultimate conclusion that Ludwig was not credible. Ludwig only challenges the ALJ's inclusion of the agent's communication in making his ultimate finding. However, the ALJ's limited consideration of Agent Stone's observations in order to ensure that fraud was not committed did not violate Ludwig's due process rights. Ludwig was given an opportunity to further develop the record, was provided a hearing at which he could address his credibility, was told of the communication from Agent Stone, and only challenged its use without responding to its implications. The procedural protections inherent in the process sufficiently protected Ludwig's rights. The ALJ kept the record open after the hearing to allow supplementation of the record.[18] Ludwig was

---

[17] *Atteberry v. Finch*, 424 F. 2d 36, 39 (10th Cir. 1970) ("The court is not at liberty to consider evidence not in the record certified by the Secretary.") (*citing Mann v. Gardner*, 380 F.2d 182 (5th Cir. 1967)).

[18] *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir.1998); *Smolen*, 80 F.3d at 1288.

afforded the opportunity to be heard by presenting evidence after the hearing ended.[19] Ludwig failed to use this opportunity. Given these protections, Ludwig was not entitled to a second hearing.

In any event, even if the ALJ impermissibly drew upon this evidence in making his credibility determination, such error was harmless. In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains.[20] Where the ALJ's credibility assessment is supported by substantial evidence, it will not be disturbed even where some of the reasons for discrediting a claimant's testimony are properly discounted.[21] Because Ludwig was a felon whose medical history was inconsistent with his own testimony and reported activities,[22] the ALJ's decision not to

---

[19] Ludwig was offered the chance to contact the agent who made the report, inquire further, and present evidence to rebut the statements made. Ludwig refused to do so and instead demanded a second hearing. AR 105-107.

[20] *Light*, 119 F.3d at 792.

[21] *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

[22] AR 23-24.

ORDER DENYING SUMMARY JUDGMENT - 6
4:10-CV-0002-RRB

credit Ludwig's testimony was supported by substantial evidence and will not be overturned.

**V. CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Summary Judgment at **Docket 21** is **DENIED**. Judgment will be entered for the Defendant.

ENTERED this 18th day of October, 2010.

                                S/RALPH R. BEISTLINE
                                UNITED STATES DISTRICT JUDGE